# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     BACALLAO GRANITE AND MARBLE, LLC                CHAPTER 11
           Debtor                                          CASE NO. 21-00807-JAW

## REPORT AND OBJECTION TO SUBCHAPTER V PLAN OF REORGANIZATION

COMES NOW Craig M. Geno, the Subchapter V Trustee in this case (the "Trustee"), and files this his Report and Objection to the Subchapter V Plan of Reorganization (the "Plan") [DK #115] filed herein by Bacallao Granite and Marble, LLC (the "Debtor"), and would respectfully show as follows, to-wit:

1. (a) While the Plan discusses, in summary fashion, avoidance and turnover causes of action, and reserves those for the Debtor to pursue post-confirmation, there is one particular potential avoidance claim and cause of action that should be specifically identified and discussed. That potential claim and cause of action has to do with the payments the Debtor made, pre-petition, with respect to a creditor summarily mentioned in Class 14. Apparently, the Debtor made a number of pre-petition payments to either Engs Commercial Finance Company ("Engs"), or a customer of Engs, with respect to the purchase of a piece of equipment. Engs initially filed a motion to lift stay that was subsequently withdrawn when it was determined that the piece of equipment involved was never actually received by the Debtor.

(b) The Subchapter V Trustee has reviewed correspondence between and among counsel for the Debtor and counsel for the alleged manufacturer of that equipment, although it does not appear that any resolution of the claims has been accomplished. From a preliminary point of view, it would appear that the payments the Debtor made pre-petition for a piece of equipment that it never received (nor used) were not for reasonably equivalent value.

(c) In any event, that transaction (or series of transactions) should be thoroughly discussed and any subsequent litigation should be specifically reserved for post-confirmation pursuit.

2.   Class 11 deals with the secured claim of the U.S. Small Business Administration (the "SBA"). It appears that the majority of the Debtor's assets have previously been pledged as collateral to creditors other than the secured creditor in Class 11, and it is uncertain as to whether or not the claim of the SBA should be paid in full since it is uncertain that the value of that creditor's collateral is equal to the amount of its claim. The specific collateral mentioned in Class 11 should be described in detail along with the values thereof so that creditors can reach an informed decision with respect to whether the Class 11 claimant is fully secured.

3.   Class 12 is the "Secured Claim L.Sammarco Com. Repr. Marmorse, Brazile." The Class is silent on any information about the obligation and there are no security documents or a promissory note that can reviewed to determine exactly what this particular claim is all about, the description and value of the collateral securing the claim or whether or not documents actually exist that would reflect that this is a secured creditor.

4.   Class 13 is the "Secured Claim Mameri Rochas LTDA, Brazile." The treatment of this class involves the abandonment of quartzite the Debtor obtained from this party. Class 13 provides that the Debtor could not work with or use the quartzite because of inferior quality and it is abandoned to the secured creditor. As was the case with the secured claim in Class 12, there are no documents evidencing the secured status of the particular secured creditor in Class 13. Those documents should be produced in order to determine whether or not the quartzite involved is actually collateral or if the Class 13 creditor is properly perfected and whether it should be abandoned or sold to generate funds for the unsecured creditors if the secured creditor is not properly perfected.

5.   Class 15 provides that the Debtor will devote its projected disposable income for payment to unsecured creditors, and that creditors will receive no less than 50% of each allowed unsecured claims within 5 years from the effective date of confirmation. However, Class 15

treatment is silent as to when payments will be made, how the payments are to be calculated and the factors in determining the Debtor's "projected disposable income." These facts should be fully discussed and disclosed in order to allow the Court and Class 15 creditors to know what the Debtor's specific plans are for payment of those claims.

6. The Plan may not be feasible. There is no projected disposable income, cash flow, budget or other financial disclosures that are contained within the Plan or as a part of the Plan so that the Trustee and creditors do not know what income the Debtor projects receiving, what expenses are to be paid, whether the Debtor has capital expenditure obligations to be incurred in the future, and no contingencies for a downturn in the economy or the building of homes and other structures in which the Debtor has engaged in the past. In short, feasibility is not addressed.

7. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof this Honorable Court will require additional disclosures and information to be disseminated as part of an amendment to the Plan, or an amended plan, so that creditors and the Trustee will be able to make a better informed decision as to the Plan. The Trustee prays for general relief.

THIS, the ____ day of November, 2021.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Bacallao Granite & Marble, LLC\Pleadings\Report & Obj to Debtor's SubV Plan 11-2-21.wpd

## **CERTIFICATE OF SERVICE**

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

Christopher J. Steiskal, Sr., Esq.          R. Michael Bolen, Esq.
Christopher.j.steiskal@usdoj.gov            rmb@hoodbolen.com

THIS, the 2O day of November, 2021.

_____
Craig M. Geno

-4-